# BROWN *v*. MACFARLAND.

## TODD *v*. SAME.

## ISAMINGER *v*. SAME.

## MYTINGER *v*. SAME.

---

APPELLATE PRACTICE; COSTS; DISTRICT OF COLUMBIA.

1. The District of Columbia, and its commissioners as such, are not exempt from liability for costs in suits instituted and successfully prosecuted against them, by the act of Congress of July 7, 1898, or by § 177, District of Columbia Code, providing that the District of Columbia

shall not be required in judicial proceedings to pay costs to the clerk of the supreme court of the District of Columbia and to the clerk of this court and to the United States marshal.

2. The reservation in the latter part of paragraph 3 of rule 18 of this court which provides that "in all cases of reversal of any judgment, order, or decree by this court, costs shall be allowed to the appellant, unless otherwise ordered by the court," evidently has reference in general to causes in equity where the allowance of costs is discretionary with the court; and it might also be applicable to certain certiorari and other proceedings instituted on the common-law side of this court, or of the court below, where, from the nature of things, a respondent should not be charged with costs, even though the complainant or petitioner is successful in the suit.

3. Costs incurred by the appellant in this court are taxable to them upon the reversal by the court of a judgment of the lower court in proceedings instituted by the commissioners of the District of Columbia to condemn land for the purpose of street extension and the assessment of damages and benefits therefor; but such costs will be allowed, not against the commissioners individually, but against the District of Columbia on behalf of which they were acting.

Nos. 1142, 1156, 1157, and 1158.    Submitted March 9, 1903.    Decided June 26, 1903.

HEARING on motions to recall mandates of this court, and to tax costs against the appellees, the Commissioners of the District of Columbia.                                    *Granted.*

The facts are sufficiently stated in the opinion.

*Mr. Samuel Maddox* and *Mr. Leo Simmons* for the motion.

*Mr. A. B. Duvall* and *Mr. E. H. Thomas* opposed.

Mr. Justice MORRIS delivered the opinion of the Court:

In these several cases motions have been made to tax costs against the appellees in favor of the successful appellants. The proceedings, it will be remembered, were instituted in the supreme court of the District of Columbia by the appellees as Commissioners of the District of Columbia for the opening of a

certain street and for the assessment of damages and benefits arising therefrom, all pursuant to the mandate of an act of the Congress of the United States.* The appeals were taken by the respondents below, and the appeals having been successful, it is now sought to tax the appellees with costs, and, on behalf of the appellees, it is claimed that, the suits being for a public purpose and for the benefit of the United States and the District of Columbia, they are not liable for costs.

The matter of costs in suits at common law was regulated by the statute of Gloucester (6 Edw. S. chap. 1), and ever since that statute costs have been allowed at common law to successful litigants as matter of right. While it has been said that costs were not allowable at common law as matter of right prior to the enactment of the statute, yet it would seem to be no more than right that a litigant, who has been put to expense by the wrongful action of an opponent, should be reimbursed for his outlay when the controversy has been determined in his favor. In the States of our Union, and in our Federal jurisprudence, it is believed that costs have always been allowed to the successful party, either in pursuance of the statute of Gloucester, or of the State and Federal statutes, or by general usage. In our Federal jurisprudence, and in the jurisprudence of this District, the matter has been specially regulated by statute. U. S. Rev. Stat., §§ 968-984 (U. S. Comp. Stat. 1901, pp. 702-706); Rev. Stat. of U. S. for District of Columbia, §§ 921-927.

In the courts of equity the allowance of costs has always been discretionary with the courts as part of the general remedy which they administer. They generally follow the rule of the common law, and allow costs to successful litigants as part of the decree in their favor; but in many cases costs are required to be paid out of some fund, or they are apportioned between the parties, or each party is required to pay his own costs, or sometimes even the successful party is required to pay them.

An exception to the requirements of the statute of Gloucester has always been recognized in England in regard to suits in-

*See *Brown* v. *Macfarland,* 19 App. D. C. 525; *Todd* v. *Macfarland,* 20 App. D. C. 176.—REPORTER.]

stituted by the sovereign acting on behalf of the State. It has been held that in such suits the sovereign is neither liable to pay costs because it is his prerogative to be exempt, nor entitled to receive costs because it is beneath his dignity (3 Bl. Com. p. 400). And the rule is undoubtedly a proper one, although not for the reasons stated, which are absurd and meaningless. The sovereign was not required to pay costs because the costs were payable to his own officers, and therefore theoretically to himself, and the payment was no more than a transfer of money from one hand to another; and he was not entitled to receive costs simply because he had not paid any, for the payment of costs is not ordinarily by way of penalty, but by way of reimbursement of that which has been expended. The costs recoverable in an action, omitting consideration of attorneys' fees so far as they are taxable as such, are usually only the fees which have been paid to the officers of court for the filing of papers and the service of process. And hence, ordinarily, beyond attorneys' fees, defendants are not entitled to recover any costs because they have been at no expense for fees. A judgment for costs could not be rendered against the sovereign in any case, because no suit is maintainable against the sovereign without his consent.

The same principle applies in our own country. Confining ourselves to the Federal jurisprudence and that of the District of Columbia, we find that the United States are not required to pay costs in their own courts as preliminary to the institution and conduct of suit and the service of process, although the equivalent is allowed to the proper officers in their accounting with the government. This immunity has been extended by statute to the District of Columbia. The act of Congress of July 7, 1898, provides that—

"Hereafter the District of Columbia shall not be required in judicial proceedings to pay fees to the clerk of the supreme court of the District of Columbia, or the court of appeals of said District, or to the United States marshal for said District, for the service of process; but the said District of Columbia and its commissioners shall be entitled to institute and prosecute judicial proceedings in said courts without the payment of fees, and shall

also be entitled to the services of said marshal in the service of all civil process without the payment of fees."

And § 177 of the Code of law for the District of Columbia provides as follows:

"All costs and fees for services rendered by the clerk and the register of wills, and chargeable to others than the United States, shall be payable in advance, and shall be collected by such rules and regulations, not incompatible with law, as may be prescribed by the court, but shall in no case be paid by the United States. The District of Columbia shall not be required to pay fees to the clerk of the court of appeals of the District, or to the marshal of the District, and shall be entitled to the services of said marshal in the service of all civil process."

This immunity of the District of Columbia from the payment of fees to the clerk of the supreme court of the District, and to the clerk of this court, and to the marshal of the District, is, of course, based upon the financial partnership existing between the United States and the District of Columbia with respect to the local affairs of this District, and upon the powers of sovereignty exercised by the United States through the commissioners of this District for the purpose of such local affairs. But it is plain that the immunity extends only to suits instituted by the District or by the commissioners of the District in its behalf, for fees are not payable except in such suits. And it follows, of course, that where the District of Columbia, or its commissioners, in suits instituted by them have paid no fees, they are entitled to recover no costs, for they have not incurred expense.

But there is nothing in these statutes that exempts the District of Columbia, or its commissioners as such, from liability for costs in suits instituted by individuals against them. The defendant or defendants in such cases are not clothed with any rights of sovereignty. They stand precisely as other litigants do, except that judgments against them may not perhaps, under present conditions, be enforced by execution, and successful plaintiffs in such suits are as much entitled to be reimbursed for

their costs incurred in the maintenance of their lawful rights as though the defendants were merely private individuals. There is no ground in reason or in the law for the allowance of immunity from costs in such cases.

The present proceedings have been instituted by the commissioners of the District of Columbia for public purposes, the laying out of a street and the assessment of damages and benefits therefor. In the execution of these purposes they were exercising the sovereignty of the United States, and therefore neither upon general principles of public policy, nor under the letter and the spirit of the Code and of the act of Congress of 1898, were they required to pay fees in the supreme court of the District; nor, under the express provision of the Code, if they had been aggrieved by the decree or judgment of the court below and had been the appellants in this court, would they have been either required to pay fees or entitled to recover costs. But here it is the defendants in the court below who have been compelled to appeal, and who have appealed successfully; and a case is presented which is not covered by the Code, or by any act of Congress, and for the determination of which we are left to general principles. There is nothing even in the analogies of the English law to guide us, because our system of appellate tribunals was wholly unknown to the English common law.

Paragraph 3 of rule 18 of this court provides that "in all cases of reversal of any judgment, order, or decree by this court, costs shall be allowed to the appellant, unless otherwise ordered by this court." The reservation in the latter part of the rule evidently has reference in general to causes in equity where, as we have heretofore stated, the allowance of costs is discretionary with the court. It might also be applicable to certain certiorari and other proceedings instituted on the common-law side of this court or of the court below, where from the nature of things a respondent should not be charged with costs, even though the plaintiff or petitioner is successful in the suit. *People ex rel. Cook* v. *Board of Police,* 39 N. Y. 520.

But no case for the application of the reservation is presented here. It is not a case in equity, nor a case of certiorari to a lower

tribunal; neither, strictly speaking, is it a case at common law. But it is a case in which the appellants have been compelled to incur costs to defend their rights against erroneous action by the appellees in the court below, and they are justly entitled to be reimbursed for such costs. That the appellees are acting as public officers under an act of Congress, not alone perhaps for the District of Columbia, but for the United States as well, can make no difference to the appellants. It is indifferent to them whether they have been compelled to incur expense by the unlawful or erroneous action of an individual, or by the unlawful or erroneous action of public officers acting in the name and on behalf of the public. There is no warrant in reason, or in law, or in the rules of court, for the exemption of the United States, or of the District of Columbia, or of the commissioners of the District acting as such, from the payment of costs incurred by an individual in an appeal against them which has proved successful. Of course, with the method of the enforcement of a judgment for costs we are not here concerned.

On behalf of the appellees in this case, we are requested to rule that, if costs are allowed to the appellants, they should be allowed, not against the commissioners individually, but against the District of Columbia, on behalf of which they are acting. And this seems to be only fair and just, for their suit is not for themselves, but for the District.

The orders of the court in the premises are that the mandates heretofore issued be, and they are hereby, recalled; and the clerk will tax the costs of the appellants in this court, and certify the same with the mandates when they are reissued.